FILED
2009 MAY 22 PM 2:46

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2009 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09- CR 09 00495 |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1029(b)(2): Conspiracy to Commit Access Device Fraud; 18 U.S.C. § 1029(a)(1): Fraudulent Use of Counterfeit Access Device; 18 U.S.C. § 1029(a)(3): Possessing 15 or More Unauthorized Access Devices; 18 U.S.C. § 1029(a)(4): Possessing Access Device-Making Equipment; 18 U.S.C. § 1029(a)(5): Access Device Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. § 2(a) and (b): Aiding And Abetting and Causing An Act To Be Done] |
| JOSE ARANCIBIA, JUAN CARLOS JAIMES-MENDEZ, JULIO CESAR LOPEZ, and AMADEO MUNOZ, aka "Alfredo Sandoval" | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1029(b)(2)]

I.  **OBJECTS OF THE CONSPIRACY**

1.  Beginning on a date unknown to the Grand Jury, and continuing to on or about May 7, 2009, in Los Angeles County,

SMA:sma
*SMA*

within the Central District of California, and elsewhere, defendants JOSE ARANCIBIA ("ARANCIBIA"), JUAN CARLOS JAIMES-MENDEZ ("JAIMES-MENDEZ"), JULIO CESAR LOPEZ ("LOPEZ"), and AMADEO MUNOZ ("MUNOZ"), also known as "Alfredo Sandoval," together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit the following offenses against the United States:

    a.   To knowingly and with intent to defraud, produce, use and traffic in counterfeit access devices, in transactions affecting interstate commerce, in violation of Title 18, United States Code Section 1029(a)(1);

    b.   To knowingly and with intent to defraud, possess fifteen or more counterfeit access devices, in violation of Title 18, United States Code Section 1029(a)(3);

    c.   To knowingly and with intent to defraud, possess access device-making equipment, in violation of Title 18, United States Code Section 1029(a)(4); and

    d.   To knowingly and with intent to defraud, effect transactions, with one or more access devices issued to another person, to receive a thing of value of $1,000 or more, in violation of Title 18, United States Code Section 1029(a)(5).

## II. THE MANNER AND MEANS OF THE CONSPIRACY

2.   The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

    A.   Defendants ARANCIBIA and JAIMES-MENDEZ, and others, would obtain credit card numbers.

    B.   Defendants ARANCIBIA and JAIMES-MENDEZ would then manufacture counterfeit credit cards using these numbers.

C. Defendant ARANCIBIA would also directly, or through others, transfer counterfeit credit cards to third persons known as "runners" for their fraudulent use.

D. Defendants LOPEZ and MUNOZ would operate as "runners" and make purchases using the counterfeit credit cards.

### III. OVERT ACTS

3. In furtherance of the conspiracy, and to accomplish its objects, defendants ARANCIBIA, JAIMES-MENDEZ, LOPEZ, and MUNOZ, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

Overt Act No. 1:

On or about April 23, 2009, defendant ARANCIBIA, using the name "Joe Palmer," wire transferred $2,600 to Incode Corporation to purchase approximately ten magnetic stripe card readers to be used to manufacture counterfeit credit cards.

Overt Act No. 2:

On or about April 24, 2009, defendant ARANCIBIA, using the name "Dean Levin," mailed approximately twenty counterfeit credit cards in names of other persons from Los Angeles, California, to an address in Orlando, Florida.

Overt Act No. 3:

On April 24, 2009, defendant LOPEZ drove defendant MUNOZ to a Sears department store located in El Monte, California.

Overt Act No. 4:

On or about April 24, 2009, defendant MUNOZ used a counterfeit MasterCard credit card (number xxxx-xxxx-xxxx-0061),

which number was assigned to a true account holder named "Nail Time Tanning, Inc.", in the name "Alfredo Sandoval" to purchase a television and a global positioning satellite system for approximately $820 from a Sears department store located in El Monte, California.

Overt Act No. 5:

On or about April 24, 2009, defendant LOPEZ drove defendant MUNOZ to a Walmart store located in Glendora, California.

Overt Act No. 6:

On or about April 24, 2009, defendant MUNOZ used a counterfeit MasterCard credit card (number xxxx-xxxx-xxxx-7459), which number was assigned to a true account holder named "R.D.", in the name "A. Sandoval" to purchase two iPod Touch devices and a television set for approximately $1,160 from a Walmart store located in Glendora, California.

Overt Act No. 7:

On or about April 24, 2009, defendant MUNOZ, together with defendant LOPEZ, used a counterfeit MasterCard credit card (number xxxx-xxxx-xxxx-7459), which number was assigned to a true account holder named "R.D.", in the name "A. Sandoval" to purchase clothes for himself and defendant LOPEZ for approximately $173 from a Ross store located in La Verne, California.

Overt Act No. 8:

On or about April 24, 2009, defendant LOPEZ drove defendant MUNOZ to a Walmart store located in Upland, California.

Overt Act No. 9:

On or about April 24, 2009, defendant MUNOZ used a

counterfeit MasterCard credit card (number xxxx-xxxx-xxxx-7016), which number was assigned to a true account holder named "J.H.", in the name "A. Sandoval" to purchase two iPod Touch devices from a Walmart store located in Upland, California.

<u>Overt Act No. 10:</u>

On or about May 7, 2009, defendants ARANCIBIA and JAIMES-MENDEZ possessed equipment used to manufacture counterfeit credit cards, including the following items: (a) a laptop computer containing hundreds of card numbers; (b) two credit card printers; (c) a Datacard 150 embosser/encoder containing tipping foil with impressions from hundreds of credit card names and numbers; (d) hundreds of units of blank card stock used to make counterfeit credit cards; and (e) several portable media storage devices that contained hundreds of credit card numbers assigned in the names of other persons.

<u>Overt Act No. 11:</u>

On or about May 7, 2009, defendants ARANCIBIA and JAIMES-MENDEZ manufactured three counterfeit Visa credit cards, namely: (1) U.S. Bank credit card number xxxx-xxxx-xxxx-7180, which number was assigned to a true account holder named "C.H.", in the name of "Mercedes V Torres"; (2) U.S. Bank credit card number xxxx-xxxx-xxxx-1123, which number was assigned to a true account holder named "M.K.", in the name of "Virginia Rojas"; and (3) Chase credit card number xxxx-xxxx-xxxx-2157, which number was assigned to a true account holder named "G.S.", in the name of "Gabriel Meza."

<u>Overt Act No. 12:</u>

On or about May 7, 2009, defendant ARANCIBIA possessed in

his pocket a counterfeit MasterCard credit card (xxxx-xxxx-xxxx-7457), which number was assigned to a true account holder named "C.K.", in the name of "Daniel Caputo."

## COUNT TWO

[18 U.S.C. §§ 1029(a)(5), 2(a)]

4. On or about April 24, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants JULIO CESAR LOPEZ and AMADEO MUNOZ, aided and abetted by defendants JOSE ARANCIBIA and JUAN CARLOS JAIMES-MENDEZ, in transactions affecting interstate commerce, knowingly and with intent to defraud, effected transactions, and aided and abetted effecting transactions, with an access device, as defined in 18 U.S.C. § 1029(e)(1), issued to another person, specifically, a credit card account number assigned to another person, namely, Nail Time Tanning, Inc. (xxxx-xxxx-xxxx-0061), and by such conduct on or about April 24, 2009, obtained things of value, their value together totaling $1,000 or more.

## COUNT THREE

[18 U.S.C. §§ 1029(a)(5), 2(a)]

5. On or about April 24, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants JULIO CESAR LOPEZ and AMADEO MUNOZ, aided and abetted by defendants JOSE ARANCIBIA and JUAN CARLOS JAIMES-MENDEZ, in transactions affecting interstate commerce, knowingly and with intent to defraud, effected transactions, and aided and abetted effecting transactions, with an access device, as defined in 18 U.S.C. § 1029(e)(1), issued to another person, specifically, a credit card account number assigned to another person, namely, "R.D." (xxxx-xxxx-xxxx-7459), and by such conduct on or about April 24, 2009, obtained things of value, their value together totaling $1,000 or more.

COUNT FOUR

[18 U.S.C. § 1029(a)(3)]

6.  On or about April 24, 2009 in Los Angeles County, within the Central District of California, defendant JOSE ARANCIBIA, knowingly and with intent to defraud, possessed at least fifteen counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(1) and (e)(2), namely, twenty counterfeit credit cards with access device numbers that were assigned to other persons, with said possession having an effect on interstate commerce.

COUNT FIVE

[18 U.S.C. §§ 1029(a)(4), 2(a)]

7.  On or about May 7, 2009, in Los Angeles County, within the Central District of California, defendants JOSE ARANCIBIA and JUAN CARLOS JAIMES-MENDEZ, each aiding and abetting the other, in a transaction affecting interstate commerce, knowingly and with intent to defraud, had control and custody of, and possessed, device-making equipment, as defined in 18 U.S.C. § 1029(e)(6), namely, the following items: (a) a laptop computer containing hundreds of card numbers; (b) two credit card printers; (c) a Datacard 150 embosser/encoder containing tipping foil with impressions from hundreds of credit card names and numbers; (d) hundreds of units of blank card stock used to make counterfeit credit cards; and (e) several portable media storage devices that contained hundreds of credit card numbers assigned in the names of other persons.

COUNT SIX

[18 U.S.C. §§ 1029(a)(1), 2(a)]

8. On or about May 7, 2009, in Los Angeles County, within the Central District of California, defendants JOSE ARANCIBIA and JUAN CARLOS JAIMES-MENDEZ, in a transaction affecting interstate commerce, each aiding and abetting the other, knowingly and with intent to defraud, produced, used, and trafficked in counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(1) and (2), namely, the following three counterfeit Visa credit card numbers assigned to other persons as follows: (1) U.S. Bank credit card number xxxx-xxxx-xxxx-7180, which was assigned to a true account holder named "C.H.", in the name of "Mercedes V Torres"; (2) U.S. Bank credit card number xxxx-xxxx-xxxx-1123, which was assigned to a true account holder named "M.K.", in the name of "Virginia Rojas"; and (3) Chase credit card number xxxx-xxxx-xxxx-2157, which was assigned to a true account holder named "G.S.", in the name of "Gabriel Meza."

## COUNT SEVEN

[18 U.S.C. §§ 1029(a)(3), 2(a)]

9. On or about May 7, 2009 in Los Angeles County, within the Central District of California, defendants JOSE ARANCIBIA and JUAN CARLOS JAIMES-MENDEZ, each aiding and abetting the other, knowingly and with intent to defraud, possessed at least 15 counterfeit access devices, as defined in 18 U.S.C. § 1029(e)(1) and (e)(2), namely, approximately more than 2,000 credit card numbers assigned to other persons, with said possession having an effect on interstate commerce.

COUNT EIGHT

[18 U.S.C. §§ 1028A, 2(a) and (b)]

10. On or about May 7, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendants JOSE ARANCIBIA and JUAN CARLOS JAIMES-MENDEZ, together with and aided and abetted by others known and unknown to the Grand Jury, knowingly possessed and aided and abetted and willfully caused to be knowingly possessed, without lawful authority, a means of identification of other persons, that is, the following access device numbers: (1) U.S. Bank credit card number xxxx-xxxx-xxxx-7180, which number was assigned to a true account holder named "C.H."; (2) U.S. Bank credit card number xxxx-xxxx-xxxx-1123, which number was assigned to a true account holder named "M.K."; and (3) Chase credit card number xxxx-xxxx-xxxx-2157, which number was assigned to a true account holder named "G.S.", during

//
//
//
//
//
//
//
//
//
//
//
//

and in relation to a conspiracy to commit access device fraud, a felony violation of Title 18, United States Code, Section 1029(b)(2), as charged in Count One of this Indictment.

A TRUE BILL

/S/

_____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

DOUGLAS A. AXEL
Assistant United States Attorney
Chief, Major Frauds Section

JILL T. FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

STEVEN M. ARKOW
Assistant United States Attorney
Major Frauds Section